UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.     Case No: 8:16-cv-2259-T-36JSS

SAINT PETERSBURG POLICE
DEPARTMENT and FIVE BUCKS
DRINKERY LLC,

    Defendants.
_____/

## ORDER ON MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion to Appoint Counsel. (Dkt. 6.) Plaintiff argues that appointment of counsel is warranted in light of his limited resources and inability to secure counsel. However, this case does not present exceptional circumstances to justify the appointment of counsel and, as such, Plaintiff's request is denied.

A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a court may, under 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). The determination of whether exceptional circumstances exist is committed to the district court's discretion. *Bass*, 170 F.3d at 1320.

Plaintiff alleges claims against the St. Petersburg Police Department for failure to protect under 42 U.S.C. § 1983 and against Five Bucks Drinkery, LLC for aggravated battery and hate crimes arising from an altercation involving security personnel and St. Petersburg Police officers. (Dkt. 1.) Upon consideration, the Court finds that Plaintiff fails to meet his burden of proving "exceptional circumstances" requiring the appointment of counsel, as the claims alleged are neither

novel nor complex and Plaintiff has not sufficiently established that he is unable to litigate this action pro se. *See Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (finding that district court did not abuse its discretion to refuse to appoint counsel where case alleging constitutional violations did not present novel or complex issues of law); *Brown v. John Deere Prods., Inc.*, 460 F. App'x 908, 909 (11th Cir. 2012) (finding that district court did not abuse its discretion to refuse to appoint counsel where facts and legal issues in complaint alleging discrimination were neither novel nor complex); *Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 369 F. App'x 1, 5 (11th Cir. 2010) (finding that district court did not abuse its discretion to refuse to appoint counsel where plaintiff failed to establish any exceptional circumstances justifying the appointment of counsel and alleged straightforward claims); *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006) (affirming the denial of appointment of counsel when the plaintiff was able to "present his arguments and cite legal standards despite his pro se status").

Plaintiff's motion also includes a request for jury trial. (Dkt. 6.) A demand for a jury trial is governed by Federal Rule of Civil Procedure 38, which provides that a party may demand a jury trial by: (1) serving the other parties with a written demand no later than fourteen days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d). Fed. R. Civ. P. 38(b). Therefore, Plaintiff is directed to serve Defendants with a written demand for a jury trial and thereafter deliver the paper, together with a certificate of service, to the clerk for filing. Fed. R. Civ. P. 5(d). Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 6) is **DENIED**.

2. Plaintiff's request for jury trial is noted. Plaintiff is directed to serve Defendants with his written demand for a jury trial and file the written demand as provided in Federal Rules of Civil Procedure 5(d) and 38(b).

**DONE** and **ORDERED** in Tampa, Florida, on August 17, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party