UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

CASE NO: 8:16-cv-02259-CEH-JSS

vs.

CITY OF ST. PETERSBURG
And FIVE BUCKS DRINKERY, LLC

    Defendants.
_____/

**DEFENDANT CITY OF PETERSBURG'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, City of St. Petersburg (hereinafter "City"), by and through its undersigned attorney pursuant to Federal Rules of Civil Procedure 12(b) and 12(e), hereby files its Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for More Definite Statement and in support thereof, states as follows:

1.    On August 8, 2016, Plaintiff filed a four count *pro se* Complaint against the St. Petersburg Police Department and Five Bucks Drinkery, LLC, alleging *inter alia* that City by and through its police department is liable to him for failure to protect and police misconduct which ultimately led to injuries to Plaintiff.

2.    On December 6, 2016, City filed a Motion to Dismiss. (Dkt.21)

3.    On December 19, 2016, co-Defendant, Five Bucks Drinkery, LLC, filed its Motion To Dismiss Plaintiff's Complaint or, in the alternative, Motion for More Definite Statement and Incorporated Memorandum of Law.  (Dkt. 26)

4.      On December 28, 2016, Plaintiff filed a Reply to St. Petersburg Police Department's Motion To Dismiss and filed a Motion To Amended Complaint. (Dkt. 28)

5.      On December 28, 2016, Plaintiff also filed his Amended Complaint. (Dkt. 29) Plaintiff filed a four count *pro se* Amended Complaint against City and Five Bucks, alleging inter alia, City is liable to him for failure to protect and police misconduct which caused injuries to Plaintiff.

6.      On December 30, 2016, this court executed an Order denying City's Motion to Dismiss and Co-Defendant, Five Bucks' Motion to Dismiss as moot since Plaintiff filed an Amended Complaint on December 28, 2016. (Dkt. 30).

7.      As discussed *infra,* Defendant City moves to dismiss Plaintiff's Amended Complaint because the Plaintiff has failed to state a cause of action against Defendant for which relief can be granted. In the alternative, Defendant moves for a more definite statement regarding Plaintiff's Amended Complaint.

## MEMORANDUM OF LAW

### I.      Legal Standard

To survive dismissal under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. *See id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* At 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. *See id.* Based on these allegations, the court will determine whether the Plaintiff's pleadings plausibly give rise to an entitlement to relief. *See id.* At 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions or arguments. *See Twombly,* 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *See id.* at 678-79. Mere naked assertions are also inadequate. *See id.* The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the *pro se* litigant must still meet minimal pleading standards.

Although this Court is lenient towards plaintiffs proceeding pro se, Plaintiff must, at the bare minimum, allege facts sufficient to meet the standards outlined in Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Twombly,* 550 U.S. at 555 (citation omitted) (Pleading "requires more than labels and conclusions, and a formulaic recitation of the elements will not do."); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.* 490 F.3d 826,829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)).

> II.   Plaintiff's Count I alleging the City of failure to protect fails to state a cause of action for which relief can be granted and must be dismissed.

Plaintiff fails to state a claim upon which relief could be granted as to the City of St. Petersburg regarding his cause of action for failure to protect pursuant to 42 U.S.C. Section 1983, and as a tort claim for negligence. (Dkt. 29, Para. 28).

Plaintiff does not explain how the City failed to protect him pursuant to 42 U.S.C. Section 1983. The Claim for failure to protect is co-mingled with a "tort claim for personal injury arising from negligence or otherwise" (Dkt. 29, Para. 28). Nowhere in Count I does Plaintiff reference the elements of negligence and how the elements applied to the officer's actions or lack of action. Plaintiff further does not assert any elements for his claim of failure to protect. While he has not pled the elements with any specificity, there is a case on point.

*Hilderbrand v. Sanders,* 495 Fed. Appx. 6 (11th Cir. 2012) held that a party not in police custody who is attacked by a private party, has not had his 14th Amendment rights violated. "Thus, if the victim was not in the government's custody, state officers may only be held liable for a substantive due process violation if they are engaged in behavior that is "arbitrary or conscience shocking in a constitutional sense." *Waddell vs. Hendry County Sheriff's Office,* 329 F. 3rd 1300, 1305 (11th Cir. 2003).

Taking the facts in the light most favorable to the Plaintiff as pled in the Amended Complaint, it is clear the Plaintiff was not in custody at the time of the alleged incident. By

Plaintiff's own word, in the Amended Complaint, "less than a minute later police officers arrived at the scene and with the help of one of the criminals re-pinned the Plaintiff to the ground and detained him. (Dkt 29 Para.21).

There is nothing about City's actions as pled that rise to the level of negligence or failure to protect.

Accordingly, Court I of Plaintiff's Amended Complaint should be dismissed.

### III. Plaintiff's Count 2 for police misconduct fails to state a claim upon which relief can be granted and must be dismissed.

Plaintiff fails to state a claim upon which relief could be granted as to the City regarding his cause of action for police misconduct and as a negligence action.

Plaintiff's allegations in Count 2 do not specify any type of duty owed, nor how the duty was breached and its concurrent proximate cause of injury. The Amended Complaint itself states that the physical injuries were in fact caused by assailants from Co-Defendant Five Bucks Drinkery, LLC.

Accordingly, Count 2 of Plaintiff's Amended Complaint should be dismissed as it fails to state a cause of action upon which relief can be granted.

### IV. In the event the Court does not dismiss the Amended Complaint, Plaintiff should be directed to provide a more definite statement regarding his claims.

In the event that this Court does not find a dismissal of Plaintiff's Amended Complaint appropriate, the Defendant, City, moves for a more definite statement. Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading. Specifically the Rule provides as follows:

> **(e) Motion for More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Plaintiff's Amended Complaint is so vague and ambiguous that a proper responsive pleading, including all applicable affirmative defenses, cannot be made by City. As discussed above, Plaintiff's Count for failure to protect does not provide any details of the incident, nor specify how City's actions violated 42 U.S.C. Section 1983. The mere allegation that Defendant's police officers were present when Co-Defendant's employees allegedly battered Plaintiff is insufficient for City to appropriately respond to the allegations. Additionally, Plaintiff's Count for police misconduct does not provide any details of the incident and the misconduct of Defendant's police officers.

## **CONCLUSION**

Plaintiff's Amended Complaint against City contains two separate causes of action that fail to state a claim upon which relief can be granted. Count 1 of Plaintiff's Amended Complaint alleges that the City committed a tort of Failure to Protect and Count 2 of Plaintiff's Amended Complaint alleges Police Misconduct without providing factual allegations to support the elements of both claims. As such, Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, Plaintiff's Amended Complaint is so vague and ambiguous that he should be directed to provide a more definite statement regarding his claims.

WHEREFORE, Defendant, City of St. Petersburg, respectfully requests this court, pursuant to Federal Rule of Civil Procedure 12(b), to enter an Order dismissing this case against

City of St. Petersburg due to Plaintiff's failure to state a claim upon which relief can be granted and equitable relief as the law may allow and nature of this case may permit. In the alternative, Defendant City of St. Petersburg respectfully requests this court enter an Order directing Plaintiff to provide a more definite statement regarding his claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic mail service via CM/ECF and U.S. Mail to Izzat Nazer, P. O. Box 2691, Tallahassee, FL  32316 and Brian A. Oltchick at syount@garrisonyount.com; boltchick@garrisonyount.com and eservice@garrisonyount.com, this 10th day of February 2017.

OFFICE OF THE CITY ATTORNEY
FOR THE CITY OF ST. PETERSBURG


BY:   /s/ *Kenneth W. MacCollom*
KENNETH W. MacCOLLOM
Florida Bar No. 68705
Assistant City Attorney
P. O. Box 2842
St. Petersburg, FL  33731
PH: (727) 893-7401-FAX: (727)892-5262
eservice@stpete.org
Kenneth.MacCollom@stpete.org