UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.                                                                  Case No: 8:16-cv-2259-T-36JSS

FIVE BUCKS DRINKERY LLC and CITY
OF SAINT PETERSBURG,

    Defendants.
_____/

## **ORDER ON PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Plaintiff's Amended Motion for Reconsideration of the Court's Order ("Amended Motion") (Dkt. 104), and Defendant's response in opposition (Dkt. 106). For the reasons that follow, the Amended Motion is denied.

### BACKGROUND

On October 9, 2017, Defendant Five Bucks Drinkery, LLC filed a Motion for Sanctions and to Compel Plaintiff to Attend His Deposition and Respond to Defendant's Discovery Requests ("Motion to Compel"). (Dkt. 76.) The Court held a hearing on Defendant's Motion to Compel on November 9, 2017. (See Dkt. 84.) Despite having notice of the hearing through the Court's CM/ECF system, Plaintiff failed to attend the hearing. The Court granted in part Defendant's Motion to Compel, ordering Plaintiff to appear for his deposition in person by January 29, 2018 ("November 9 Order"). (Dkt. 87.) On January 22, 2018, Plaintiff filed a Notice of Unavailability, stating that he is unable to attend court hearings or his deposition because he is not physically present in the United States. (Dkt. 100.) On that date, Plaintiff also filed a Motion to Reconsider, seeking reconsideration of the Court's November 9 Order. (Dkt. 101.) The Court denied

Plaintiff's Motion to Reconsider without prejudice for failing to comply with Local Rules 3.01(a) and 3.01(g). (Dkt. 102.) Plaintiff now brings his Amended Motion, requesting the Court to reconsider its November 9 Order because he "is unavailable and not physically present in the United States, and attending his deposition is realistically unattainable." (Dkt. 104 at 1.)

## APPLICABLE STANDARDS

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Branch Banking and Trust Co. v. Shirley Inv. Properties, LLC*, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014); *see Wendy's Int'l., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996).

## ANALYSIS

Plaintiff sole argument for reconsideration is that he is unavailable to attend his deposition in the United States. (Dkt. 104.) As Defendants argue, Plaintiff does not "provide the Court with legal proof of his absence from the United States." (Dkt. 106 at 3.) Further, in his response to Defendant's Motion to Compel, Plaintiff made clear that he "is not physically present in the United States and [it] would be impossible for him to attend a deposition in person." (Dkt. 77 at 1.) Thus, rather than showing a change in controlling law, new evidence, or clear error, Plaintiff reiterates the argument that he made in his response to the Motion to Compel. Motions for reconsideration, however, "should not be used as a vehicle . . . to reiterate arguments previously made." *See Z.K.*

*Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *Sussman*, 153 F.R.D. at 694 (emphasizing that "[o]nly a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order" because "courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions"). Because Plaintiff asks the Court to review the same issues that it previously considered in the November 9 Order, Plaintiff's Amended Motion is denied.

Accordingly, it is **ORDERED** that Plaintiff's Amended Motion for Reconsideration of the Court's Order (Dkt. 104) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on February 12, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party