UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.                                          Case No: 8:16-cv-2259-T-36JSS

FIVE BUCKS DRINKERY LLC and CITY
OF SAINT PETERSBURG,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant Five Bucks Drinkery, LLC's Amended Motion for an Order Holding Plaintiff in Contempt ("Amended Motion") (Dkt. 91), Plaintiff's response in opposition (Dkt. 92), and Defendant Five Bucks Drinkery, LLC's Second Motion for an Order Holding Plaintiff in Contempt ("Second Motion") (Dkt. 103). For the foregoing reasons, Defendant's Motions are granted in part and denied in part.

## **BACKGROUND**

Plaintiff filed his original Complaint on August 8, 2016, and his Second Amended Complaint on September 14, 2017. (Dkts. 1, 71.) On July 19, 2017, the Court entered its Case Management and Scheduling Order ("Scheduling Order") setting a discovery deadline of March 9, 2018, a dispositive motion deadline of April 6, 2018, and trial in September 2018. (Dkt. 57.)

On October 9, 2017, Defendant Five Bucks Drinkery, LLC filed a Motion for Sanctions and to Compel Plaintiff to Attend His Deposition and Respond to Defendant's Discovery Requests ("Motion to Compel"). (Dkt. 76.) The Court held a hearing on Defendant's Motion to Compel on November 9, 2017. (See Dkt. 84.) Plaintiff failed to attend the hearing. The Court granted in part Defendant's Motion to Compel, ordering Plaintiff to provide responses to Defendant's First

Request for Production by November 30, 2017, and to appear for his deposition in person by January 29, 2018 ("November 9 Order"). (Dkt. 87.) Plaintiff has since sought reconsideration of the Court's November 9 Order, citing to his Notice of Unavailability and asserting that he is unable to attend court proceedings or his deposition because he is "not physically present in the United States." (Dkts. 100, 101, 104.) The Court denied Plaintiff's request as he had previously made the same argument in response to Defendant's Motion to Compel. (Dkt. 107.)

Defendant now seeks an order holding Plaintiff in contempt and dismissing this action with prejudice for failing to produce his discovery responses and failing to appear for his deposition as required by the Court's November 9 Order. (Dkts. 91, 103.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). Further, under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b).

Because dismissal with prejudice is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). These principles apply with equal force to pro se parties. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014); *see also Smith v. Atlanta Postal Credit Union*,

350 F. App'x 347, 350–51 (11th Cir. 2009) (finding that district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice for failure to comply with her discovery obligation, the procedural rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b)).

Further, under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

## ANALYSIS

In its Amended Motion, Defendant argues Plaintiff failed to comply with the November 9 Order because he did not provide his responses to Defendant's Request for Production by November 30, 2017. (Dkt. 91 at 1.) In response, Plaintiff states that he produced "all the requested material" in July 2017. (Dkt. 92 at 1.) Plaintiff cites to an e-mail he sent to Defendant's counsel that appears to attach multiple documents. (Dkt. 92-1.) However, Plaintiff did not identify the documents he produced, nor does he include the attachments to the e-mail. In its Second Motion, Defendant argues that Plaintiff also failed to comply with the November 9 Order as he did not coordinate or attend his deposition prior to January 29, 2018. (Dkt. 103 at 1.) Plaintiff failed to respond to the Second Motion.

Plaintiff has been reminded on multiple occasions to comply with the Federal Rules of Civil Procedure, the Middle District of Florida Local Rules, and the Court's Orders. (Dkts. 83, 94, 102.) A review of the docket reflects that Plaintiff has filed numerous motions and responses, most of which have been stricken or denied for failure to comply with the procedural rules. (See Dkts. 27, 37, 40, 60–62, 70, 83, 94, 102.) Plaintiff also failed to appear for the hearing on Defendant's Motion to Compel, even though the Court explicitly allowed the parties to attend by telephone. (See Dkt. 84.) Despite these warnings, Plaintiff has repeatedly disregarded procedural rules, his discovery obligations, and his obligations to opposing counsel. As a result, Defendant has been unfairly prejudiced in its ability to adequately prepare a defense in this case, and Plaintiff has failed to show that his non-compliance with the Court's November 9 Order or procedural rules is substantially justified or harmless. Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Weaver v. Lexington Ins. Co.*, No. 8:05-CV-1913-T- 27TBM, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party has the burden of showing that non-compliance is substantially justified or harmless). Thus, the Court finds that Plaintiff's conduct amounts to willful disobedience of the Court's discovery orders.

Nonetheless, the Court finds that dismissal of Plaintiff's case is not warranted under the circumstances, as lesser sanctions are sufficient in this matter to address Plaintiff's conduct and the resulting prejudice to Defendants and because the parties are still in the discovery period designated by the Scheduling Order. (See Dkt. 57.) As a sanction for failing to comply with the Court's November 9 Order in failing to provide discovery responses, Plaintiff is barred from introducing any evidence at trial that is responsive to Defendant Five Bucks Drinkery, LLC's Request for Production and was not previously produced to Defendants. Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203,

1211 (11th Cir. 2010) (finding that district court did not abuse its discretion in excluding evidence a party sought to introduce at trial based on party's discovery violations); *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011), *aff'd sub nom.*, *McDaniel v. Sheriff of Palm Beach Cty.*, 491 F. App'x 981 (11th Cir. 2012) (precluding plaintiff from introducing any documents that the Court required him to produce and which were not produced by the court-ordered date for production); *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, No. 3:09CV2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) (approving magistrate judge's recommendation precluding party from introducing into evidence documents that were not produced as required under the discovery rules and by court order).

Additionally, Plaintiff shall coordinate a date for his deposition with Defendants' counsel and attend his deposition by the March 9, 2018 discovery deadline. (See Dkt. 57.) In light of Plaintiff's continued insistence that he is "not physically present in the U.S.," Plaintiff may attend his deposition by electronic means pursuant to Federal Rule of Civil Procedure 30(b)(4).

Further, in both the Amended Motion and Second Motion, Defendant requests an order awarding Defendant its attorney's fees and costs incurred in bringing the Motions. (Dkt. 91 at 5; Dkt. 103 at 5.) Pursuant to Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); s*ee Phipps*, 8 F.3d at 790 (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Plaintiff did not address Defendant's request for fees in his response to Defendant's Amended Motion (Dkt. 92) and failed to respond to Defendant's Second Motion. As

addressed above, Defendant's failure to comply with the November 9 Order was not substantially justified, nor are there other circumstances making an award of Defendant's reasonable expenses, including attorney's fees, unjust. Accordingly, it is

**ORDERED**:

1. Defendant Five Bucks Drinkery, LLC's Amended Motion for an Order Holding Plaintiff in Contempt (Dkt. 91) and Second Motion for an Order Holding Plaintiff in Contempt (Dkt. 103) are **GRANTED** in part and **DENIED** in part.

2. Plaintiff is prohibited from introducing any evidence at trial that is responsive to Defendant Five Bucks Drinkery, LLC's Request for Production and was not previously produced to Defendants.

3. Plaintiff shall coordinate a date and time with Defendants for his deposition, which shall occur by March 9, 2018. Plaintiff may attend his deposition by electronic means. Fed. R. Civ. P. 30(b)(4).

4. Defendant Five Bucks Drinkery, LLC is awarded its reasonable attorney's fees and costs incurred in bringing its Amended Motion for an Order Holding Plaintiff in Contempt (Dkt. 91) and Second Motion for an Order Holding Plaintiff in Contempt (Dkt. 103), payable by Plaintiff.

5. Defendant's Motions are denied without prejudice with respect to Defendant's request to dismiss Plaintiff's claims with prejudice.

6. Plaintiff is ordered to comply in good faith with the Federal Rules of Civil Procedure,

the Local Rules of Court, and orders of this Court in the future or suffer dismissal of the complaint with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on February 16, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party