UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.    Case No: 8:16-cv-2259-T-36JSS

FIVE BUCKS DRINKERY LLC and CITY
OF SAINT PETERSBURG,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Second Amended Motion to Compel Against Five Bucks Drinkery ("Motion"). (Dkt. 119.) Defendant filed a response in opposition. (Dkt. 125.) For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

In his Second Amended Complaint, Plaintiff brings claims against Five Bucks Drinkery LLC ("Five Bucks") for aggravated battery and perpetuating a hate crime. (Dkt. 71.) Plaintiff's claims stem from an alleged altercation between Plaintiff and employees of Five Bucks. (*Id.*) On July 19, 2017, the Court entered its Case Management and Scheduling Order setting a discovery deadline of March 9, 2018, a dispositive motion deadline of April 6, 2018, and trial in September 2018. (Dkt. 57.) On July 30, 2017, Plaintiff sent Five Bucks a Request for Production. (Dkt. 119-1.) Five Bucks provided its Response to Plaintiff's Request for Production on August 29, 2017, objecting to the majority of the requests. (Dkt. 119-2.) Upon receiving Defendant's responses, Plaintiff deemed the responses insufficient and raised this issue with Defendant. (Dkt. 119-3.) However, the parties could not reach an agreement. As a result, on March 2, 2018, Plaintiff filed his Motion. (Dkt. 119.)

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The United States Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37.

**ANALYSIS**

Plaintiff moves to compel Defendant to produce documents in response to Request Numbers 1, 2, 3, 4, 7, and 9. (Dkt. 119.) In Request Number 1, Plaintiff seeks "[a] copy of all video recordings from the security cameras in which Plaintiff appears the night of the incident." (Dkt. 119-2 at 1.) In Request Number 9, Plaintiff seeks the "[e]mployment history for Bradley Hegarty and Panagiotis Costandinos Zazaliaris." (Dkt. 119-2 at 3.) In response to both requests, Defendant states that it "is not in possession, custody or control" of the requested materials. (Dkt. 119-2 at 1, 3.) Specifically, Defendant maintains that it does not possess any video recordings from the night of the incident and it did not employ Hegarty or Zazaliaris and thus, does not possess their employment records. (*Id.*) Plaintiff argues that Defendant is attempting to conceal evidence. (Dkt. 119 at 2.) However, Federal Rule of Civil Procedure 34 requires production only of

documents in a "party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Therefore, Plaintiff's Motion is denied as to Request Numbers 1 and 9.

Request Number 2 seeks the "names and address of all witnesses that Defendant wishes to depose." (Dkt. 119-2 at 1.) Similarly, Request Number 3 seeks the official list of all of Defendant's employees "who were employed by the company at the time of the incident." (*Id*.) Defendant objects to both requests stating, in part, that they are improper under Rule 34. (*Id*. at 1–2.) Defendant argues that Plaintiff cannot require Defendant to create a document that identifies all witnesses it intends to depose or that identifies all of its employees. (Dkt. 125 at 3.) The Court agrees. Rule 34 limits a request for production to documents which are in the opposing "party's possession, custody, or control" and does not require a party to create new documents for production. Fed. R. Civ. P. 34(a)(1); *Kaplan v. Kaplan*, 2:10-CV-00237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010) ("Rule 34 only requires production of documents already in existence."). Therefore, Request Numbers 2 and 3 are improper under Rule 34 to the extent they require Defendant to create new documents. Nevertheless, to the extent Defendant has a list of employees who were employed during the time of the incident at issue in the case, Defendant shall supplement its production and produce the responsive documents.

Request Number 4 seeks "[a] copy of the city, county and state permits for selling alcoholic beverages in and outside the bar, and all business permits." (Dkt. 119-2 at 2.) In response, Defendant objects as the request is not reasonably calculated to lead to the discovery of admissible evidence. (*Id*.) In his Second Amended Complaint, Plaintiff alleges Defendant committed aggravated battery and perpetuated a hate crime against Plaintiff. (Dkt. 71.) Defendant's alcohol permits do not bear on any issue that is or may be in this case. *See Oppenheimer Fund, Inc.*, 437

U.S. at 351-52. Thus, Request Number 4 seeks information that is not relevant, and Plaintiff's Motion is denied as to Request Number 4.

In Request Number 7, Plaintiff seeks "[a] copy of any written warnings or any disciplinary action taken regarding the incident." (Dkt. 119-2 at 2.) In response, Defendant objects to the request as vague and ambiguous. (*Id*.) Defendant argues that the request does not specify who authored the warning or who received the warning. (Dkt. 125 at 4.) In Plaintiff's Second Amended Complaint, Plaintiff alleges that he was arrested as a result of the incident. (Dkt. 71 ¶ 22.) Hence, it is unclear whether Request Number 7 seeks written warnings or disciplinary action regarding himself or Defendant's employees. However, in his Motion, Plaintiff specifies that he "requests proof of any managerial actions taken against the perpetrators, or any actions taken to prevent further abuse of other customers." (Dkt. 119 at 3.) Disciplinary action or written warnings given to Defendant's employees as a result of the incident may be relevant to Plaintiff's claims. Therefore, Defendant is directed to supplement its response with any written warnings or materials documenting disciplinary action taken against Defendant's employees as a result of Plaintiff's incident.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Second Amended Motion to Compel Against Five Bucks Drinkery (Dkt. 119) is **GRANTED** in part and **DENIED** in part.

2. Defendant is directed to supplement its response to Request Numbers 3 and 7 as stated above within thirty (30) days of this Order. The motion is denied as to Request Numbers 1, 2, 4, and 9.

3. Plaintiff's motion is denied with respect to the request for fees and costs incurred in connection with the motion.

**DONE** and **ORDERED** in Tampa, Florida, on April 2, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party